IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:18-mc-00030-PAB

CSW CONSULTING, Inc., a Colorado corporation;
COLORADO COLITAS, LLC, d/b/a HERBAL
REMEDIES, a Colorado limited liability company;
and CARL S. WEMHOFF,

       Petitioners,

       v.

UNITED STATES OF AMERICA,

       Respondent.

**DECLARATION OF REVENUE AGENT DAVID HEWELL IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS PETITION AND ENFORCE SUMMONSES**

I, David Hewell, pursuant to 28 U.S.C. § 1746(2), declare as follows:

    1.    I am employed as a Revenue Agent for the Internal Revenue Service with a post of duty in Englewood, Colorado.

    2.    As a Revenue Agent, I am authorized to issue IRS summonses under 26 U.S.C. § 7602, 26 C.F.R. §§ 301.7602-1 and 301.7603-1(b), and IRS Delegation Order No. 25-1.

    3.    My duties as a Revenue Agent also include examining federal income tax returns and related information, excise tax returns, and specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries. Through these duties, I assist the IRS in determining the taxpayer's correct tax liability. In cases where the taxpayer does not file the required returns, I also investigate whether such returns should have been filed.

*Background of Relevant IRS Examinations*

4. The IRS has assigned me to conduct an examination of the federal tax liabilities of CSW Consulting, Inc., for the 2013 through 2016 tax years. Because CSW elected to be treated as a pass-through entity for tax purposes, the results of an audit could affect its owner's income taxes. The IRS thus also assigned me to conduct an examination of the personal income tax returns of CSW's owner, Carl Wemhoff, for the 2013 through 2016 tax years.

5. As reflected in Mr. Wemhoff's individual tax returns, public information, and a document CSW produced to the IRS, CSW and Colorado Colitas, LLC, appear to be essentially the same business or closely related businesses. Mr. Wemhoff is the sole shareholder of CSW, an S-corporation. According to Colorado retail licensing records, Mr. Wemhoff also is the key licensee for Colorado Colitas. In addition, according to Colorado Secretary of State records, Mr. Wemhoff is the registered agent for both Colorado Colitas and CSW. Likewise, Colorado Colitas's mailing address is the same as CSW's address (which also is Mr. Wemhoff's address). And in response to a request for CSW's state sales tax information, CSW produced Colorado Colitas's state retail sales tax return for 2015. (A copy of the state sales tax return is attached as Exhibit A.) Also, IRS records indicate that Colorado Colitas has not filed a federal tax return since 2012.

6. CSW and Mr. Wemhoff, through Colorado Colitas, operate a marijuana dispensary. According to the state retail licensing records, Colorado Colitas conducts business under the name "Herbal Remedies." Herbal Remedies' website indicates that it is a medical marijuana dispensary and that Mr. Wemhoff owns the dispensary. *See* www.herbalremedies denver.com. The dispensary's address is 5109 W. Alameda Avenue, Denver, Colorado, 80219.

2

7. Accordingly, part of the examinations of CSW's and Mr. Wemhoff's federal tax liabilities involves verifying that they have not claimed expenses disallowed under 26 U.S.C. § 280E, which denies deductions associated with trafficking in controlled substances.

8. To inform CSW of the examination, I sent letters to CSW on July 18, 2017, stating that the IRS had selected its 2013, 2014, and 2015 federal tax returns for examination. (Copies of the letters are attached as Exhibit B.) I included with each letter a copy of IRS Publication 1 ("Your Rights as a Taxpayer") and Notice 609 (Privacy Act Notice).

9. On August 3, 2017, I sent CSW a letter confirming an audit appointment for August 28, 2017, with respect to CSW's 2013, 2014, and 2015 tax returns. I included with this letter an Information Document Request ("IDR") to CSW, as well as additional copies of IRS Publication 1 and Notice 609. (Copies of the letter and the IDR are attached as Exhibit C.)

10. On August 14, 2017, I sent letters to Carl Wemhoff stating that the IRS had selected his 2013, 2014, and 2015 federal tax returns for examination. (Copies of the letters are attached as Exhibit D.) I included with each letter a copy of IRS Publication 1 and Notice 609.

11. On September 27, 2017, I issued a second IDR to CSW. (A copy of the second IDR is attached as Exhibit E.)

12. On December 19, 2018, I sent a letter to CSW confirming an appointment for January 17, 2018, to examine its 2016 tax return. I included with this letter a third IDR to CSW. (Copies of the letter and the IDR are attached as Exhibit F.)

13. Also on December 19, 2018, I sent a letter to Mr. Wemhoff confirming an appointment for January 17, 2018, to examine his 2014, 2015, and 2016 tax returns. I included with this letter an IDR to Mr. Wemhoff. (Copies of the letter and the IDR are attached as Exhibit G.)

14. At the audit meeting on January 17, 2018, counsel for both CSW and Mr. Wemhoff gave me a letter, dated January 17, 2018, requesting that "the government provide the Taxpayer with absolute immunity from prosecution under federal criminal drug laws" as a condition for "the Taxpayer" to turn over information pertaining to "the growing/selling of marijuana." (A copy of the letter is attached as Exhibit H.) Later that day, I informed counsel that the IRS would not be pursuing such an arrangement.

15. To date, CSW and Mr. Wemhoff have provided only partial responses to the IDRs, including incomplete and redacted financial and other records. CSW and Mr. Wemhoff have not provided information sufficient to substantiate the figures shown on their tax returns. They have refused to provide, for instance, detailed product or sales information. Without this information, I have no way of verifying accounting records, reconstructing income, or otherwise confirming the accuracy of the tax returns at issue.

16. In addition, CSW's productions did not include information it reported to the Colorado Marijuana Enforcement Division ("MED"). Specifically, CSW has refused to produce information from MED's Marijuana Enforcement Tracking Reporting and Compliance ("METRC") system.

17. Information from the METRC system is particularly valuable during an audit. In Colorado, marijuana growers and dispensaries must account for all marijuana plants and products through the METRC system. The METRC system's information thus can establish whether a marijuana business properly reported its gross receipts and allowed deductions for cost of goods sold.

18. I am therefore seeking the summoned information from MED, and from U.S. Bank and Wells Fargo, to verify the accuracy of the internal books and records of CSW and its

related entity, Colorado Colitas, and to determine whether what CSW and Mr. Wemhoff reported on their returns is consistent with that information.

*Summonses in Relation to Examinations*

19.     On January 18, 2018, as part of the examinations of CSW and Mr. Wemhoff, and in accordance with 26 U.S.C. § 7602, I issued to MED an administrative summons, IRS Form 2039. The summons directed MED to appear before the IRS on February 20, 2018, to produce for examination METRC annual gross sales reports, transfer reports, annual harvest reports, and monthly plants inventory reports, for 2013 through 2016, for all licensees related to Colorado Colitas, CSW Consulting, d/b/a Herbal Remedies, and Carl Wemhoff. (A copy of the summons is attached as Exhibit I.) Transfer reports show the contents and timing of transferred inventory. Harvest and plants inventory reports show beginning and ending inventory numbers.

20.     I served the IRS summons on MED by certified mail on January 18, 2018. (A copy of the certificate of service is attached as Exhibit J.)

21.     On the same day that I served the summons on MED, I provided notice of the summons to CSW c/o Carl Wemhoff. (*See* Exhibit J.) The notice included a copy of the summons and explained the right to bring a proceeding to quash the summons.

22.     Also on January 18, 2018, as part of the examinations of CSW and Mr. Wemhoff, and in accordance with 26 U.S.C. § 7602, I issued administrative summonses to U.S. Bank National Association and to Wells Fargo Bank N.A. The summonses directed these banks to appear before the IRS on February 20, 2018, to produce for examination records, from 2013 through 2016, for accounts related to Colorado Colitas, CSW Consulting, d/b/a Herbal Remedies, and Carl Wemhoff. (Copies of the summonses are attached as Exhibit K.)

23. I served these IRS summonses by certified mail on January 18, 2018. (Copies of each certificate of service are attached as Exhibit L.)

24. On the same day that I served the summonses on the banks, I provided notice of the summonses to CSW c/o Carl Wemhoff. (*See* Exhibit L.) The notices included a copy of the respective summons and explained the right to bring a proceeding to quash the summons.

25. As of the date of this declaration, neither MED, U.S. Bank, nor Wells Fargo have produced the information sought through the IRS summonses.

26. The IRS does not already possess the information sought through the summonses.

27. The information requested in the summonses may be relevant to determine the correctness of the federal tax returns and federal tax liabilities of CSW and Carl Wemhoff.

28. In issuing and serving the summonses on MED, U.S. Bank, and Wells Fargo, I complied with the administrative steps that the Internal Revenue Code requires.

29. No Department of Justice referral, as defined by 26 U.S.C. § 7602(d), is in effect with respect to CSW, Colorado Colitas, or Carl Wemhoff for the tax periods under examination.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 15, 2018.

*/s/ David J. Hewell*[1]
DAVID J. HEWELL
Revenue Agent
Internal Revenue Service

---

[1] Provided in accordance with D. Colo. ECF Procedures Rule 4.3(f).