-47-

furnished for this civil audit, and not to support the IRS's determination

that the Taxpayer's business consists of illegal activities." (App. 438–

39, *quoting* App. 79.) This condition was neither lawful nor practicable.

First, as the District Court explained (App. 439), the IRS could not

agree to such a condition, because I.R.C. § 6103(i) requires the IRS to

turn over documents received from taxpayers to other federal agencies

in certain circumstances. Moreover, High Desert's condition was a

plain attempt to preclude the IRS's investigation as to Section 280E,

which bars deductions and credits from businesses that consist of

trafficking in a controlled substances "prohibited by Federal law or the

law of any State in which such trade or business is conducted." If the

IRS had agreed to High Desert's proposal, it ostensibly would not have

been able to use any of the documents it obtained to determine the

applicability of Section 280E. The IRS was under no obligation to

circumscribe its examination – or to ignore statutory complications – in

order to obtain relevant documents.[10]

---

[10] It should be further noted that even if High Desert had provided its own copies of summoned records, the Government would still be entitled to summon those same documents from the original sources in order to compare them and ensure their accuracy. *E.g., Liberty Fin.*

(continued…)

1110183.1

**EXHIBIT 11**