**U.S. Department of Justice**

**Tax Division**

*Please reply to: Appellate Section*

*Facsimile No. (202) 514-8456*  P.O. Box 502
*Telephone No.(202) 514-361*  *Washington, D.C. 20044*

GSR:MJH:PJUrda
5-49-2968
CMN 2016102120                      March 7, 2018

*Via CM/ECF*

Elisabeth Shumaker
Clerk, U.S. Court of Appeals
 for the Tenth Circuit
Byron White Courthouse
1823 Stout Street
Denver, Colorado 80257

    Re:   *High Desert Relief, Inc. v. United States*
          (10th Cir. – Nos. 17-2083 & 17-2095)

Dear Ms. Shumaker:

    Oral argument in this appeal has been scheduled for March 21, 2018. Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, the United States draws the Court's attention to the Memorandum of Attorney General Jefferson B. Sessions Regarding Marijuana Enforcement (Jan. 4, 2018), *available at* https://www.justice.gov/opa/press-release/file/1022196/download. A copy of this memorandum is enclosed.

    In both its opening brief and reply brief, High Desert argues that the Controlled Substances Act is a dead letter, relying in part on memoranda issued by former Deputy Attorneys General outlining enforcement priorities in the context of state-regulated marijuana industry. (Opening Br. 23–24, 25–26; Reply Br. 7–8, 17.) As indicated by the memorandum attached hereto, the current Attorney General has explicitly rescinded the memoranda on which High Desert relied. The Attorney General's decision underscores this Court's previous observation that "in our constitutional order it's Congress that passes the laws, Congress that saw fit to enact 21 U.S.C. § 841, and Congress that in § 841 made the distribution of marijuana a crime." *Feinberg v. Commissioner*, 808 F.3d 813, 816 (10th Cir. 2015).

1143158.1

      We respectfully ask that you distribute copies of this letter to the panel assigned to this case.

      Sincerely yours,

      /s/ Patrick J. Urda

      PATRICK J. URDA
      Attorney, Appellate Section

cc:    Robert Troyer
      United States Attorney

1143158.1

-3-

# CERTIFICATE OF SERVICE

It is hereby certified that this letter was filed with the Clerk of Court on March 7, 2018, via this Court's CM-ECF system.  It is also hereby certified that service of this letter has been made on taxpayers' counsel via the CM-ECF system.

I further certify that (1) all required privacy redactions have been made, and (2) the ECF submission was scanned for viruses with the System Center 2012 Endpoint Protection program (updated daily), and, according to the program, is free of viruses.

                                        /s/ Patrick J. Urda
                                        PATRICK J. URDA
                                            Attorney



**Office of the Attorney General**

**Washington, D. C. 20530**

January 4, 2018

MEMORANDUM FOR ALL UNITED STATES ATTORNEYS

FROM:        Jefferson B. Sessions, III
                 Attorney General

SUBJECT:    Marijuana Enforcement

      In the Controlled Substances Act, Congress has generally prohibited the cultivation, distribution, and possession of marijuana. 21 U.S.C. § 801 *et seq*. It has established significant penalties for these crimes. 21 U.S.C. § 841 *et seq*. These activities also may serve as the basis for the prosecution of other crimes, such as those prohibited by the money laundering statutes, the unlicensed money transmitter statute, and the Bank Secrecy Act. 18 U.S.C. §§ 1956-57, 1960; 31 U.S.C. § 5318. These statutes reflect Congress's determination that marijuana is a dangerous drug and that marijuana activity is a serious crime.

      In deciding which marijuana activities to prosecute under these laws with the Department's finite resources, prosecutors should follow the well-established principles that govern all federal prosecutions. Attorney General Benjamin Civiletti originally set forth these principles in 1980, and they have been refined over time, as reflected in chapter 9-27.000 of the U.S. Attorneys' Manual. These principles require federal prosecutors deciding which cases to prosecute to weigh all relevant considerations, including federal law enforcement priorities set by the Attorney General, the seriousness of the crime, the deterrent effect of criminal prosecution, and the cumulative impact of particular crimes on the community.

      Given the Department's well-established general principles, previous nationwide guidance specific to marijuana enforcement is unnecessary and is rescinded, effective immediately.[1] This memorandum is intended solely as a guide to the exercise of investigative and prosecutorial discretion in accordance with all applicable laws, regulations, and appropriations. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal.

---

[1] Previous guidance includes: David W. Ogden, Deputy Att'y Gen., Memorandum for Selected United States Attorneys: Investigations and Prosecutions in States Authorizing the Medical Use of Marijuana (Oct. 19, 2009); James M. Cole, Deputy Att'y Gen., Memorandum for United States Attorneys: Guidance Regarding the Ogden Memo in Jurisdictions Seeking to Authorize Marijuana for Medical Use (June 29, 2011); James M. Cole, Deputy Att'y Gen., Memorandum for All United States Attorneys: Guidance Regarding Marijuana Enforcement (Aug. 29, 2013); James M. Cole, Deputy Att'y Gen., Memorandum for All United States Attorneys: Guidance Regarding Marijuana Related Financial Crimes (Feb. 14, 2014); and Monty Wilkinson, Director of the Executive Office for U.S. Att'ys, Policy Statement Regarding Marijuana Issues in Indian Country (Oct. 28, 2014).